JOHN W. PETERSON (SBN 179343)
john.peterson@polsinelli.com
POLSINELLI LLP
401 Commerce Street, Suite 900
Nashville, TN 37219
Telephone: (615) 259-1510
Facsimile: (615) 259-1573

Attorney for Defendant
FIRST DATA MERCHANT SERVICES LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LOUIS FLOYD and TERRY FABRICANT, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>FIRST DATA MERCHANT SERVICES LLC,<br><br>SAM'S CLUB MERCHANT SERVICES,<br><br>NATIONAL PAYMENT SYSTEMS LLC,<br><br>and<br><br>NATIONAL PAYMENT SYSTEMS OR, LLC d/b/a/ ONE CONNECT PROCESSING,<br><br>      Defendants. | Case No. 5:20-cv-02162-NC<br><br>**DEFENDANT FIRST DATA MERCHANT SERVICES LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**<br><br>Complaint Filed: March 30, 2020 |

Defendant First Data Merchant Services LLC (collectively with "Sam's Club Merchant

Services"[1] , "First Data") for its Answer and Affirmative Defenses to Plaintiffs Louis Floyd's and

---

[1] Sam's Club Merchant Services is a trade name for First Data Merchant Services LLC and is not an independent entity.

Terry Fabricant's (collectively, "Plaintiffs") Complaint for Injunction and Damages, respectfully states as follows:

## ANSWER

### I. INTRODUCTION

1. First Data denies the allegations against it in Paragraph 1 of the Complaint. The remaining allegations in Paragraph 1 contain legal conclusions to which no response is required; to the extent a response is required, the court opinion and statute Plaintiffs cite speak for themselves and are the best and highest evidence thereof, and First Data denies the remaining allegations in Paragraph 1 to the extent inconsistent therewith.

2. First Data denies the allegations against it in Paragraph 2 of the Complaint. Paragraph 2 of the Complaint further contains legal conclusions to which no response is required; to the extent a response is required, the statute Plaintiffs cite speaks for itself and is the best and highest evidence thereof, and First Data denies the remaining allegations in Paragraph 2 to the extent inconsistent therewith.

3. First Data denies the allegations contained in Paragraph 3 of the Complaint.

4. First Data denies the allegations contained in Paragraph 4 of the Complaint.

5. First Data admits it contracted with National Payment Systems ("NPS") to solicit merchants to execute Merchant Applications with First Data and Wells Fargo Bank, N.A. pursuant to the terms of the Marketing Agreement between First Data, Wells Fargo Bank, N.A., and NPS. The Marketing Agreement is the best and highest evidence of the terms thereof, and First Data denies the allegations in Paragraph 5 to the extent those allegations are inconsistent therewith. First Data denies the remaining allegations in Paragraph 5 of the Complaint.

6. First Data denies the allegations contained in Paragraph 6 of the Complaint.

7. First Data denies the allegations contained in Paragraph 7 of the Complaint.

### II. PARTIES

8. Paragraph 8 of the Complaint does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth

of the allegations contained therein; these allegations therefore stand denied.

9.     Paragraph 9 of the Complaint contains legal conclusions to which no response is required. Furthermore, Paragraph 9 does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. To the extent a response is required, First Data denies the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10.     Paragraph 10 of the Complaint does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

11.     Paragraph 11 of the Complaint does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

12.     Paragraph 12 of the Complaint contains legal conclusions to which no response is required. Furthermore, Paragraph 12 does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. To the extent a response is required, First Data denies the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13.     Paragraph 13 of the Complaint does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

14.     First Data admits the allegations contained in Paragraph 14 of the Complaint.

15.     First Data admits the allegations contained in Paragraph 15 of the Complaint.

16.     First Data admits its Registered Agent is Corporation Service Company, which has a physical address at 40 Technology Parkway South, Suite 300, Norcross, GA, 30092. First Data is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16; these allegations therefore stand denied.

17.     First Data admits it is registered with the California Secretary of State as a foreign

limited liability company. First Data denies any remaining allegations contained in Paragraph 17 of the Complaint.

18.    First Data admits the allegations contained in Paragraph 18 of the Complaint.

19.    First Data admits Sam's Club Merchant Services is a trade name for First Data. First Data denies the remaining allegations contained in Paragraph 19.

20.    First Data admits Sam's Club Merchant Services is a trade name for First Data, which is located at 5565 Glenridge Connector NE, Suite 2000, Atlanta, Georgia 30342.

21.    First Data admits Sam's Club Merchant Services is a trade name for First Data. First Data further admits its Registered Agent is Corporation Service Company, which has a physical address at 40 Technology Parkway South, Suite 300, Norcross, GA, 30092. First Data is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21; these allegations therefore stand denied.

22.    First Data admits Sam's Club Merchant Services is registered as "Sam's Club Merchant Credit Card Processing" with the Colorado Secretary of State as a trade name for First Data. First Data further admits it is registered as a foreign limited liability company with the Georgia Secretary of State. First Data denies the remaining allegations contained in Paragraph 22 of the Complaint.

23.    First Data admits Sam's Club Merchant Services is registered as "Sam's Club Merchant Credit Card Processing" with the Colorado Secretary of State as a trade name for First Data. First Data further admits it is registered as a foreign limited liability company with the California Secretary of State. First Data denies the remaining allegations contained in Paragraph 23 of the Complaint.

24.    First Data admits Sam's Club Merchant Services is registered as "Sam's Club Merchant Credit Card Processing" with the Colorado Secretary of State as a trade name for First Data. First Data further admits First Data does business throughout the United States, including in California. First Data denies the remaining allegations contained in Paragraph 24 of the Complaint.

25.    Paragraph 25 of the Complaint does not appear to assert any allegation against First

Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

26. Paragraph 26 of the Complaint does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

27. Paragraph 27 of the Complaint does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

28. Paragraph 28 of the Complaint does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

29. Paragraph 29 of the Complaint does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

30. Paragraph 30 of the Complaint does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

31. Paragraph 31 of the Complaint does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

32. Paragraph 32 of the Complaint does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

### III.    JURISDICTION AND VENUE

33. First Data denies the allegations contained in Paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, the statutes speaks for themselves and are the best

and highest evidence thereof, and First Data denies the allegations in Paragraph 34 to the extent inconsistent therewith. First Data denies any remaining allegations in Paragraph 34 of the Complaint.

35. First Data denies the allegations contained in Paragraph 35 of the Complaint.

36. First Data denies the allegations contained in Paragraph 36 of the Complaint.

## IV. FACTS

### A. "The Enactment of the TCPA and the FCC's Regulations Thereunder"

37. Paragraph 37 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, the statute Plaintiffs cite speaks for itself and is the best and highest evidence thereof, and First Data denies the allegations in Paragraph 37 to the extent inconsistent therewith. First Data denies the remaining allegations in Paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, First Data denies the allegations in Paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, the statute Plaintiffs cite speaks for itself and is the best and highest evidence thereof, and First Data denies the allegations in Paragraph 39 to the extent inconsistent therewith. First Data denies the remaining allegations in Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, the statute and/or legislative history Plaintiffs cite speaks for itself and is the best and highest evidence thereof, and First Data denies the allegations in Paragraph 40 to the extent inconsistent therewith. First Data denies the remaining allegations in Paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, the statute and/or legislative history Plaintiffs cite

speaks for itself and is the best and highest evidence thereof, and First Data denies the allegations in Paragraph 41 to the extent inconsistent therewith. First Data denies the remaining allegations in Paragraph 41 of the Complaint.

42.     Paragraph 42 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, the court opinion Plaintiffs cite speaks for itself and is the best and highest evidence thereof, and First Data denies the allegations in Paragraph 42 to the extent inconsistent therewith. First Data denies the remaining allegations in Paragraph 42 of the Complaint.

43.     Paragraph 43 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, First Data denies the allegations in Paragraph 43 of the Complaint.

44.     Paragraph 44 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, the Federal Communications Commission record Plaintiffs cite speaks for itself and is the best and highest evidence thereof, and First Data denies the allegations in Paragraph 44 to the extent inconsistent therewith. First Data denies the remaining allegations in Paragraph 44 of the Complaint.

45.     Paragraph 45 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, the statutes and regulation Plaintiffs cite speak for themselves and are the best and highest evidence thereof, and First Data denies the allegations in Paragraph 45 to the extent inconsistent therewith. First Data denies the remaining allegations in Paragraph 45 of the Complaint.

**B.     "The Worsening Problem of Robocalls and Spam Texts"[2]**

46.     Paragraph 46 does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the

---

[2] Subheading B of the Complaint does not assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

DEFENDANT FIRST DATA MERCHANT SERVICES LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT
CASE NO. 5:20-cv-02162-NC

allegations contained therein; these allegations therefore stand denied.

47.     Paragraph 47 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, the Federal Communications Commission record Plaintiffs cite speaks for itself and is the best and highest evidence thereof, and First Data denies the allegations in Paragraph 47 to the extent inconsistent therewith. First Data denies the remaining allegations in Paragraph 47 of the Complaint.

48.     Paragraph 48 does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

49.     Paragraph 49 does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

50.     Paragraph 50 does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

51.     Paragraph 51 does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

52.     Paragraph 52 does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

53.     Paragraph 53 does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

54.     Paragraph 54 does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

55. Paragraph 55 does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

56. Paragraph 56 does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

57. Paragraph 57 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, the legislation Plaintiffs cite speaks for itself and is the best and highest evidence thereof, and First Data denies the allegations in Paragraph 57 to the extent inconsistent therewith. First Data denies the remaining allegations in Paragraph 57 of the Complaint.

C. "Defendants' Role in This Growing Problem"[3]

58. First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58; these allegations therefore stand denied.

59. First Data denies the allegations cast against it in Paragraph 59 of the Complaint. First Data is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59 of the Complaint; those allegations therefore stand denied.

60. Paragraph 60 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, First Data denies the allegations against it in Paragraph 60 of the Complaint and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60 of the Complaint; those allegations therefore stand denied.

61. First Data denies the allegations cast against it in Paragraph 61 of the Complaint. First Data is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61; those allegations therefore stand denied.

---

[3] First Data denies the allegations contained in Subheading C of the Complaint.

62. First Data denies the allegations contained in Paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, First Data denies the allegations against it in Paragraph 63 of the Complaint and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63 of the Complaint; those allegations therefore stand denied.

64. First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64; these allegations therefore stand denied.

65. First Data denies the allegations cast against it in Paragraph 65 of the Complaint. First Data is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 65; those allegations therefore stand denied.

**D.    "A Prior Lawsuit asked First Data, National Payment Systems, and One Connect to Stop Making Telemarketing Robocalls without Consent."[4]**

66. First Data admits Blake Cooley filed a class action complaint against First Data and Defendant National Payment Systems OR, LLC d/b/a One Connect Processing ("One Connect") on March 13, 2019 in the U.S. District Court for the Northern District of Georgia, captioned *Cooley v. First Data Merchant Services, LLC et al.*, 1:19-cv-01185-TWT ("Georgia Litigation"). First Data further states the class action complaint speaks for itself and is the best and highest thereof, and First Data denies the allegations in Paragraph 66 to the extent inconsistent therewith. First Data denies the remaining allegations in Paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

68. Paragraph 68 of the Complaint does not appear to assert any allegation against First

---

[4] First Data admits Plaintiff Floyd filed a lawsuit against First Data, National Payment Systems, and One Connect alleging violations of the Telephone Consumer Protection Act. First Data denies it made "Telemarketing Robocalls" without consent and denies any remaining allegations in Subheading D of the Complaint.

Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

69. Paragraph 69 of the Complaint does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

70. First Data denies authorizing, instructing, supervising, directing, approving, or permitting One Connect to offer First Data's products and/or services. The remaining allegations in Paragraph 70 of the Complaint do not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein; these allegations therefore stand denied.

71. First Data denies authorizing, instructing, supervising, directing, approving, or permitting One Connect to offer First Data's products and/or services. The remaining allegations in Paragraph 71 of the Complaint do not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein; these allegations therefore stand denied.

72. First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations against it in Paragraph 72 of the Complaint, and therefore denies these allegations. The remaining allegations in Paragraph 72 do not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; those allegations therefore stand denied.

E. **"Despite the *Cooley* Litigation, Mr. Floyd Was Repeatedly Robocalled."[5]**

73. Paragraph 73 of the Complaint does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

---

[5] Subheading E of the Complaint does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

74. Paragraph 74 of the Complaint does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

75. First Data denies the allegations in Paragraph 75 of the Complaint.

76. Paragraph 76 of the Complaint does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

77. Paragraph 77 of the Complaint does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

78. Paragraph 78 of the Complaint does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

79. First Data denies authorizing, instructing, supervising, directing, approving, or permitting One Connect to offer First Data's products and/or services. The remaining allegations in Paragraph 79 of the Complaint do not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein; these allegations therefore stand denied.

80. First Data denies authorizing, instructing, supervising, directing, approving, or permitting One Connect to offer First Data's products and/or services. The remaining allegations in Paragraph 80 of the Complaint do not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein; these allegations therefore stand denied.

81. First Data denies authorizing, instructing, supervising, directing, approving, or permitting One Connect to offer First Data's products and/or services. The remaining allegations in Paragraph 81 of the Complaint do not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained therein; these allegations therefore stand denied.

82.     First Data denies authorizing, instructing, supervising, directing, approving, or permitting One Connect to offer First Data's products and/or services. The remaining allegations in Paragraph 82 of the Complaint do not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein; these allegations therefore stand denied.

83.     First Data denies authorizing, instructing, supervising, directing, approving, or permitting One Connect to offer First Data's products and/or services. The remaining allegations in Paragraph 83 of the Complaint do not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein; these allegations therefore stand denied.

84.     First Data denies authorizing, instructing, supervising, directing, approving, or permitting One Connect to offer First Data's products and/or services. The remaining allegations in Paragraph 84 of the Complaint do not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein; these allegations therefore stand denied.

85.     Paragraph 85 of the Complaint does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

86.     Paragraph 86 of the Complaint does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

87.     First Data denies the allegations contained in Paragraph 87 of the Complaint.

88.     Paragraph 88 of the Complaint does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

89.     Paragraph 89 of the Complaint does not appear to assert any allegation against First

Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

90.     Paragraph 90 of the Complaint does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

91.     Paragraph 91 of the Complaint does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

92.     First Data denies authorizing, instructing, supervising, directing, approving, or permitting One Connect to offer First Data's products and/or services. The remaining allegations in Paragraph 92 of the Complaint do not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein; these allegations therefore stand denied.

93.     First Data denies authorizing, instructing, supervising, directing, approving, or permitting One Connect to offer First Data's products and/or services. The remaining allegations in Paragraph 93 of the Complaint do not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein; these allegations therefore stand denied.

94.     First Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations cast against it in Paragraph 94 of the Complaint, and therefore denies these allegations. The remaining allegations in Paragraph 94 do not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein; these allegations therefore stand denied.

**F.** **"Despite the *Cooley* Litigation, Mr. Fabricant Was Robocalled."[6]**

95. Paragraph 95 of the Complaint does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

96. Paragraph 96 of the Complaint does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

97. Paragraph 97 of the Complaint does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

98. Paragraph 98 of the Complaint does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

99. Paragraph 99 of the Complaint does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

100. First Data denies the allegations contained in Paragraph 100 of the Complaint.

101. First Data admits that Mr. Jermaine Brown sent Mr. Fabricant an email with the subject "Sam's Club Merchant Services" in response to an affirmative inquiry by Mr. Fabricant to Sam's Club Merchant Services requesting information about merchant services. First Data denies Mr. Brown provided Mr. Fabricant with an application via email. First Data further states it was Mr. Fabricant who stated to Mr. Brown, "I was supposed to get a merchant agreement with this. Please send one." First Data denies the remaining allegations in Paragraph 101 of the Complaint.

102. Paragraph 102 of the Complaint does not appear to assert any allegation against

---

[6] Subheading F of the Complaint does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

DEFENDANT FIRST DATA MERCHANT SERVICES LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT
CASE NO. 5:20-cv-02162-NC

First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

103.   Paragraph 103 of the Complaint does not appear to assert any allegation against First Data, and First Data is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; these allegations therefore stand denied.

104.   First Data denies the allegations contained in Paragraph 104 of the Complaint.

**G.   "Defendants' Autodialing"[7]**

105.   Paragraph 105 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, First Data denies the allegations in Paragraph 105 of the Complaint.

106.   Paragraph 106 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, First Data denies the allegations in Paragraph 106 of the Complaint.

107.   Paragraph 107 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, First Data denies the allegations in Paragraph 107 of the Complaint.

108.   Paragraph 108 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, First Data denies the allegations in Paragraph 108 of the Complaint.

109.   Paragraph 109 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, First Data denies the allegations in Paragraph 109 of the Complaint.

110.   First Data denies the allegations contained in Paragraph 110 of the Complaint.

111.   First Data denies the allegations contained in Paragraph 111 of the Complaint.

---

[7] First Data denies any allegations against it contained in Subheading G of the Complaint.

DEFENDANT FIRST DATA MERCHANT SERVICES LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT
CASE NO. 5:20-cv-02162-NC

**H.** **"The Invasion of Privacy Caused by Defendants' Automated Telemarketing"[8]**

112. First Data denies the allegations contained in Paragraph 112 of the Complaint, including all subparts.

**I.** **"First Data, Sam's Club Merchant Services, and National Payment Systems Are Vicariously Liable for One Connect's TCPA Violations"[9]**

113. Paragraph 113 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, the Federal Communications Commission record Plaintiffs cite speaks for itself and is the best and highest evidence thereof, and First Data denies the allegations in Paragraph 113 to the extent inconsistent therewith. First Data denies the remaining allegations in Paragraph 113 of the Complaint.

114. Paragraph 114 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, First Data denies the allegations in Paragraph 114 of the Complaint.

115. Paragraph 115 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, the Federal Communications Commission record Plaintiffs cite speaks for itself and is the best and highest evidence thereof, and First Data denies the allegations in Paragraph 115 to the extent inconsistent therewith. First Data denies the remaining allegations in Paragraph 115 of the Complaint.

116. Paragraph 116 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, the Federal Communications Commission record Plaintiffs cite speaks for itself and is the best and highest evidence thereof, and First Data denies the allegations in Paragraph 116 to the extent inconsistent therewith. First Data denies the remaining allegations in Paragraph 116 of the Complaint.

117. First Data denies the allegations contained in Paragraph 117 of the Complaint.

---

[8] First Data denies the allegations in Subheading H of the Complaint.

[9] First Data denies the allegations contained in Subheading I of the Complaint.

118. First Data admits it contracted with NPS to solicit merchants to execute Merchant Applications with First Data and Wells Fargo Bank, N.A. pursuant to the terms of the Marketing Agreement between First Data, Wells Fargo Bank, N.A., and NPS. The Marketing Agreement is the best and highest evidence thereof, and First Data denies the allegations in Paragraph 118 to the extent the allegations are inconsistent therewith. First Data also denies NPS solicited merchants to execute Merchant Applications with Sam's Club Merchant Services. First Data denies the remaining allegations in Paragraph 118 of the Complaint.

119. First Data denies the allegations contained in Paragraph 119 of the Complaint.

120. First Data denies the allegations contained in Paragraph 120 of the Complaint.

121. Paragraph 121 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, First Data denies the allegations in Paragraph 121 of the Complaint.

122. First Data denies the allegations contained in Paragraph 122 of the Complaint.

123. First Data denies the allegations contained in Paragraph 123 of the Complaint.

124. Paragraph 124 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, the court's order in the Georgia Litigation speaks for itself and is the best and highest evidence thereof, and First Data denies the allegations in Paragraph 124 to the extent inconsistent therewith. First Data denies any ruling in that order is binding in this litigation and denies the remaining allegations in Paragraph 124 of the Complaint.

125. Paragraph 125 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, the court's order in the Georgia Litigation speaks for itself and is the best and highest evidence thereof, and First Data denies the allegations in Paragraph 125 to the extent inconsistent therewith. First Data denies any ruling in that order is binding in this litigation and denies the remaining allegations in Paragraph 125 of the Complaint.

126. Paragraph 126 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, the court's order in the Georgia Litigation speaks for itself and is the best and highest evidence thereof, and First Data denies the allegations in

Paragraph 126 to the extent inconsistent therewith. First Data denies any ruling in that order is binding in this litigation and denies the remaining allegations in Paragraph 126 of the Complaint.

127.    Paragraph 127 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, the court's order in the Georgia Litigation speaks for itself and is the best and highest evidence thereof, and First Data denies the allegations in Paragraph 127 to the extent inconsistent therewith. First Data denies any ruling in that order is binding in this litigation and denies the remaining allegations in Paragraph 127 of the Complaint.

128.    Paragraph 128 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, the court's order in the Georgia Litigation speaks for itself and is the best and highest evidence thereof, and First Data denies the allegations in Paragraph 128 to the extent inconsistent therewith. First Data denies any ruling in that order is binding in this litigation and denies the remaining allegations in Paragraph 128 of the Complaint.

129.    Paragraph 129 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, the court's order in the Georgia Litigation speaks for itself and is the best and highest evidence thereof, and First Data denies the allegations in Paragraph 129 to the extent inconsistent therewith. First Data denies any ruling in that order is binding in this litigation and denies the remaining allegations in Paragraph 129 of the Complaint.

130.    Paragraph 130 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, the court's order in the Georgia Litigation speaks for itself and is the best and highest evidence thereof, and First Data denies the allegations in Paragraph 130 to the extent inconsistent therewith. First Data denies any ruling in that order is binding in this litigation and denies the remaining allegations in Paragraph 130 of the Complaint.

131.    Paragraph 131 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, the court's order in the Georgia Litigation speaks for itself and is the best and highest evidence thereof, and First Data denies the allegations in Paragraph 131 to the extent inconsistent therewith. First Data denies any ruling in that order is binding in this litigation and denies the remaining allegations in Paragraph 131 of the Complaint.

132.     Paragraph 132 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, the court's order in the Georgia Litigation speaks for itself and is the best and highest evidence thereof, and First Data denies the allegations in Paragraph 132 to the extent inconsistent therewith. First Data denies any ruling in that order is binding in this litigation and denies the remaining allegations in Paragraph 132 of the Complaint.

133.     Paragraph 133 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, the Federal Communications Commission record Plaintiffs cite speaks for itself and is the best and highest evidence thereof, and First Data denies the allegations in Paragraph 133 to the extent inconsistent therewith. First Data denies the remaining allegations in Paragraph 133 of the Complaint.

## V.     CLASS ACTION ALLEGATIONS

134.     First Data denies the allegations contained in Paragraph 134 of the Complaint, including all subparts.

135.     First Data denies the allegations contained in Paragraph 135 of the Complaint.

136.     First Data denies the allegations contained in Paragraph 136 of the Complaint.

137.     First Data denies the allegations contained in Paragraph 137 of the Complaint.

138.     First Data denies the allegations contained in Paragraph 138 of the Complaint.

139.     First Data denies the allegations contained in Paragraph 139 of the Complaint.

140.     First Data denies the allegations contained in Paragraph 140 of the Complaint.

141.     First Data denies the allegations contained in Paragraph 141 of the Complaint, including all subparts.

142.     First Data denies the allegations contained in Paragraph 142 of the Complaint.

143.     First Data denies the allegations contained in Paragraph 143 of the Complaint.

144.     First Data denies the allegations contained in Paragraph 144 of the Complaint.

145.     First Data denies the allegations contained in Paragraph 145 of the Complaint.

146.     First Data denies the allegations contained in Paragraph 146 of the Complaint.

147.     First Data denies the allegations contained in Paragraph 147 of the Complaint.

148.    First Data lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 148 of the Complaint and therefore denies these allegations.

149.    First Data denies the allegations contained in Paragraph 149 of the Complaint.

150.    First Data denies this forum is a desirable, efficient location in which to resolve this dispute. First Data lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 150 of the Complaint and therefore denies these allegations.

151.    First Data denies the allegations contained in Paragraph 151 of the Complaint.

152.    First Data denies the allegations contained in Paragraph 152 of the Complaint.

## VI.    FIRST CLAIM FOR RELIEF

153.    First Data incorporates, as if set forth fully herein, its answers and defenses to the previous paragraphs.

154.    First Data denies the allegations contained in Paragraph 154 of the Complaint.

155.    First Data denies the allegations contained in Paragraph 155 of the Complaint.

156.    First Data denies the allegations contained in Paragraph 156 of the Complaint.

## VII.    PRAYER FOR RELIEF

First Data denies all allegations contained in Plaintiffs' "Prayer for Relief," including all subparts, and denies Plaintiffs are entitled to any of the relief they seek.

## VIII.    DEMAND FOR JURY

The "Demand for Jury" paragraph of Plaintiffs' Complaint does not contain any allegation against First Data to which a response is required. To the extent a response is required, First Data denies the allegations contained in the "Demand for Jury" paragraph of Plaintiffs' Complaint.

The allegations contained in Plaintiffs' request for jury trial contains legal conclusions to which no response is required; to the extent a response is required, First Data denies the allegations contained in this Paragraph of the Complaint.

## IX.    SIGNATURE ATTESTATION

First Data lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in this Paragraph of the Complaint and therefore denies these allegations.

## GENERAL DENIAL

First Data denies each and every allegation and/or statement contained in the Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

If Plaintiffs and/or any putative class member sustained any injuries or damages, the fact and extent of which First Data expressly denies, any such injuries or damages were either entirely, or in part, proximately caused by or contributed by the conduct or fault of others over whom First Data had no control and for whom First Data is not legally responsible. The acts, negligence, or fault of others must be compared to, and operate to reduce or completely bar, Plaintiffs' alleged right to recovery against First Data.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent Plaintiffs or any member of the putative class would be unjustly enriched.

### FOURTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiffs and/or the putative class members' claims are barred by express consent and/or express written consent of Plaintiffs and/or putative class members (or their agents, spouses, relatives, or other persons authorized to give consent) to receive text messages, phone calls, and/or any other form of contact or communication for products and/or services provided by First Data.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or the putative class members' claims are barred, in whole or in part, by the doctrines of estoppel, waiver, unclean hands, and/or ratification.

# SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or the putative class members' claims are barred, in whole or in part, by reason of First Data's good faith.

# SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' and/or the putative class members' claims relate to activities protected by the First Amendment to the Constitution of the United States, and any applicable state constitutions, the claims are barred.

# EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs fail to allege they and/or the putative class members suffered a concrete injury sufficient to allege an injury-in-fact under Article III of the United States Constitution.

# NINTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or the putative class members' claims are barred in whole or in part as they have not suffered actual or cognizable damages.

# TENTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or the putative class members' damages, if any, were caused by their own actions or inactions.

# ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or the putative class members' damages, if any, were caused by persons or entities other than First Data.

# TWELFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff and/or the putative class members have suffered actual damages, which is denied, then Plaintiffs' and/or the putative class members' claims are barred in whole or in part by the failure to mitigate damages or avoidance of consequences.

# THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have alleged the "class numbers in the thousands, or more." (Compl. ¶ 138.) Application of 47 U.S.C. § 227 in this case would thus violate the Due Process Clause under the Fifth and Fourteenth Amendments to the United States Constitution, and if a class was to be

certified and liability was found, the statutory damages provided under 47 U.S.C. § 227 would be grossly disproportionate to any alleged "harm" suffered by Plaintiffs and/or the putative class members.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff and/or the putative class members' claims cannot be awarded treble damages because First Data did not engage in knowing or willful conduct.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff and/or the putative class members are not entitled to a statutory award of attorneys' fees under federal or state law.

## SIXTEENTH AFFIRMATIVE DEFENSE

First Data did not authorize, instruct, supervise, or direct NPS or One Connect to send any of the complained-of text messages during the alleged time period, such text messages were not sent by First Data, and First Data did not authorize, control or supervise the manner and means by which the complained-of text messages were sent.

## SEVENTEENTH AFFIRMATIVE DEFENSE

First Data is not vicariously liable for the purported conduct of any other Defendant in this action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

If any other Defendant in this action acted unlawfully, such Defendant did so without the authorization, whether actual or apparent, and/or knowledge of First Data.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or putative class members' claims are barred, in whole or in part, because at all times First Data acted lawfully.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims for a class action are barred because Plaintiffs cannot establish the requisite elements under Federal Rule of Civil Procedure 23.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over a nationwide class action and/or over the claims of non-resident putative class members.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The Northern District of California is an improper venue to litigate Fabricant's claims.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' and/or putative class members' claims are or may be barred by the applicable statute(s) of limitation.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or putative class members' claims are or may be barred by the doctrine of laches and offset.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or putative class members' claims may be barred in whole or in part by safe harbor protections of federal and/or state regulations or statutes.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Venue in this Court is or may be improper.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

First Data hereby gives notice of its intention to rely upon such other affirmative defenses as may become available or apparent during the course of discovery, and thus reserves the right to amend its Answer and Affirmative Defenses to assert such defenses.

Dated:  May 8, 2020

Respectfully Submitted,

POLSINELLI LLP

*/s/ John W. Peterson*

By:    John W. Peterson

Attorney for Defendant
FIRST DATA MERCHANT SERVICES
LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed and served electronically upon the following via the Court's ECF system on May 8, 2020:

Jon Bernhard Fougner
600 California Street, 11th Floor
San Francisco, CA 94108
Jon@FougnerLaw.com

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

Edward A. Broderick
Broderick Law, P.C.
99 High Street, Suite 304
Boston, MA 02110
ted@broderick-law.com

Matthew Passi McCue
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, MA 01760
mmccue@massattorneys.net

Rebecca Louise Wilson
Kutak Rock LLP
Suite 1100
18201 Von Karman Avenue
Suite 250
Irvine, CA 92612
Rebecca.Wilson@KutakRock.com


*/s/ John W. Peterson*

DEFENDANT FIRST DATA MERCHANT SERVICES LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT
CASE NO. 5:20-cv-02162-NC