Anthony I. Paronich, *Pro Hac Vice*
anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 738-7080
Facsimile: (617) 830-0327

[Additional counsel appear on signature page]

*Attorneys for Louis Floyd and Terry Fabricant and the Proposed Class*

JOHN W. PETERSON (SBN 179343)
john.peterson@polsinelli.com
POLSINELLI LLP
401 Commerce Street, Suite 900
Nashville, TN  37219
Telephone: (615) 259-1510
Facsimile: (615) 259-1573

Attorney for Defendant
FIRST DATA MERCHANT SERVICES LLC

PETER N. KESSLER
peter.kessler@kutakrock.com
KUTAK ROCK LLP
1760 Market Street, Suite 1100
Philadelphia, PA  19103-4104

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| LOUIS FLOYD and TERRY FABRICANT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>FIRST DATA MERCHANT SERVICES LLC,<br><br>SAM'S CLUB MERCHANT SERVICES,<br><br>NATIONAL PAYMENT SYSTEMS LLC, and | Case No. 5:20-cv-02162-EJD<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Complaint Filed: March 30, 2020 |

- 1 -

NATIONAL PAYMENT SYSTEMS OR, LLC d/b/a/ ONE CONNECT PROCESSING,

                Defendants.

Counsel for Plaintiffs Louis Floyd and Terry Fabricant, counsel for Defendants First Data Merchant Services LLC and Sam's Club Merchant Services (those two collectively, "First Data"), and counsel for National Payment Systems LLC ("NPS") and National Payment Systems OR, LLC ("NPS OR," and those two collectively, "National Payment") met and conferred on May 28, 2020, pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California: Contents of Joint Case Management Statement, and the Court's standing order. They hereby respectfully submit this Joint Case Management Statement and [Proposed] Order.

### 1. **Jurisdiction and Service**

This Court has federal-question subject-matter jurisdiction over Plaintiffs' claims, which are brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. This Court has personal jurisdiction over Defendants. Venue is proper.

### 2. **Facts**

Plaintiffs' Statement

This case arises from Defendants' unsolicited telemarketing to Plaintiffs in violation of the TCPA. The telemarketing was conducted using an automated telephone dialing system ("ATDS") and pre-recorded messages. Automated telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, and Plaintiffs bring this action on behalf of a proposed class of persons—defined more specifically herein—who received such calls promoting First Data. According to First Data, it hired no third party to telemarket to Plaintiffs and the proposed class members other than National Payment Systems, which worked with its subsidiary One Connect Processing to place the calls.

Defendants' illegal telemarketing practices have targeted at least hundreds of thousands of people. To obtain equitable and legal relief for all those similarly situated, Plaintiffs bring this case as a class action.

Defendants' Statement

Defendants deny Plaintiffs' claims have merit. Defendants further deny any class could be certified in this action and deny this action is appropriate for class treatment.

First Data has discovered evidence indicating Plaintiff Fabricant may have provided prior express consent to receive the phone call at issue in this case. Under the TCPA, "prior express consent" is a complete defense to a plaintiff's claim. First Data also denies it is vicariously liable for the calls at issue.

Each of NPS and NPS OR similarly deny that they are vicariously liable for any calls at issue.

**3.      Legal Issues**

Plaintiffs' Statement

The primary legal issues are expected to include some or all of the following:

(a)     What are the relationships amongst Defendants?

(b)     Did Defendants used an ATDS or pre-recorded message?

(c)     Was the purpose of the calls telemarketing?

(d)     Were the calls necessitated by an emergency?

(e)     Had the called parties provided prior express written consent?

(f)     Were Defendants' violations of the TCPA knowing or willful?

(g)     Should Defendants be enjoined?

(h)     Should class certification be granted?

Defendants' Statement

A non-exhaustive list of the legal issues in this case include:

- Whether First Data is entitled to summary judgment because Plaintiff Fabricant provided prior express consent to receive the phone calls at issue in this case.

- 3 -
JOINT CASE MGMT. STATEMENT AND [PROPOSED] ORDER
*Floyd v. First Data Merchant Servs., LLC*, Case No. 5:20-cv-02162-EJD

POLSINELLI LLC
LOS ANGELES

73885177.3

1  • Whether Plaintiff Floyd similarly gave "prior express consent" to any purported calls.

2  • Whether each of NPS, NPS OR, and First Data are entitled to summary judgment because they cannot be deemed vicariously liable for the actions of the third-party that made the phone calls.

3  • Whether certification of the proposed class is improper here for multiple reasons, including but not limited to whether, because the "prior express consent" defense under the TCPA requires individualized inquiries for every potential class member, Plaintiff Fabricant cannot satisfy the commonality requirement of Rule 23(a)(2), much less the predominance requirement of Rule 23(b)(3).

4  • Whether Plaintiff Fabricant and his counsel entered a settlement with Defendant which bars Fabricant's claims.

**4.     Motions**

Plaintiffs' Statement

After receiving sufficient discovery, Plaintiffs intend to file a motion for class certification and may file a motion for summary judgment or partial summary judgment regarding liability and damages. Depending on how discovery proceeds, Plaintiffs may file motions to resolve discovery disputes, motions *in limine*, and expert motions.

Defendants' Statement

First Data anticipates filing a motion for summary judgment at the appropriate time. NPS and NPS OR similarly anticipate filing such motions. Defendants similarly anticipate opposing class certification. Defendants also anticipate seeking discovery respecting the phones purportedly used by each of Fabricant and Floyd, both of whom have brought many prior TCPA actions, their methodologies for placing themselves on call lists, and their methodologies for receiving such calls. Depending on how discovery proceeds, Defendants may file motions to resolve discovery disputes, motions *in limine*, and expert motions.

POLSINELLI LLC
LOS ANGELES

- 4 -
JOINT CASE MGMT. STATEMENT AND [PROPOSED] ORDER
*Floyd v. First Data Merchant Servs., LLC*, Case No. 5:20-cv-02162-EJD
73885177.3

**5.     Amendment of Pleadings**

The parties proposed the deadline in the table below.

**6.     Evidence Preservation**

The parties certify that their counsel have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that they have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.  Counsel for the parties agreed to meet and confer as to the Checklist for Rule 26(f) Meet and Confer regarding Electronically Stored Information.

**7.     Disclosures**

The parties agreed to make their initial disclosures by the date in the table below.

**8.     Discovery**

   a.     Discovery Taken to Date

Plaintiffs propounded discovery requests to Defendants following the 26(f) conference.

   b.     Scope of Anticipated Discovery

Plaintiffs' Statement

Plaintiffs anticipate that the focus of discovery will include:

(a)     electronic data regarding the calls at issue;

(b)     electronic data tracking any alleged consents to receive calls, including the logs of any servers that obtained any purported consent;

(c)     electronic data regarding any dialing systems and/or prerecorded and artificial voices used to make the calls at issue;

(d)     contracts, invoices, and other documents relating to the relationships between any defendant and its telemarketing vendors and customers;

(e)     Defendants' policies and procedures (if any) concerning TCPA compliance;

(f)     complaints relating to telemarketing made to or about Defendants, and Defendants' responses thereto;

  (g) email and other communications related to the allegations of this case.

Defendants' Statement

Defendants intend to depose Plaintiffs and any other witness(es) with relevant knowledge and to propound written discovery.

  c. Limitations or Modifications of Discovery Rules

The Parties agree that they will serve and accept service of discovery requests and responses electronically.

  d. Entry of an E-Discovery Order

Plaintiffs will propose a draft e-discovery order to Defendants.

  e. Proposed Discovery Plan

The parties propose the schedule set forth in the table below.

  f. Identified Discovery Disputes

No discovery has yet come due. The parties agree generally to meet and confer as to any future discovery disputes in order to try to narrow the scope of their disagreement and reduce the need for judicial intervention.

**9. Class Actions**

The Parties propose the deadline for class certification in the table below.

All attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.

**10. Related Cases**

The Parties are aware of a prior case, *Terry Fabricant v. United Card, Inc.* in the U.S. District Court for the Central District of California, Case No. 2:18-cv-01429 (hereinafter "*Fabricant I*"), which was settled between Mr. Fabricant, represented by several of present counsel, and Defendant NPS OR. Defendants allege that the Settlement Agreement and this suit have given rise to pending litigation in the Superior Court of the State of California for the County of Los Angeles.

**11.** <u>**Relief**</u>

<u>Plaintiffs' Statement</u>

Plaintiffs seek all of the relief prayed for in the complaint, including an injunction barring Defendants from further automated telemarketing. Plaintiffs seek statutory damages of $1,500 per knowing or willful violation and $500 per other violation of the TCPA. *See* 47 U.S.C. § 227(b)(3).

<u>Defendants' Statement</u>

Defendants deny Plaintiffs, or the proposed class, are entitled to any relief whatsoever. Defendants do not currently seek relief in this action, but reserve all rights to seek attorneys' fees and costs, as allowable and appropriate.

**12.** **Settlement and ADR**

The Parties have not yet engaged in ADR. The parties propose that they engage in private mediation by the deadline in the table below.

**13.** **Consent to Magistrate Judge for All Purposes**

The parties did not all consent to proceed before a magistrate judge.

**14.** **Other References**

The Parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.** **Narrowing of Issues**

The parties believe this case can be disposed of altogether or the issues can be narrowed during motion practice after discovery.

**16.** **Expedited Trial Procedure**

The parties do not believe that this matter is appropriate for the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17.** **Scheduling**

The parties join in proposing the following schedule, subject to the exceptions noted:

| EVENT | PARTIES' PROPOSAL |
|---|---|
| Deadline to serve initial disclosures | June 19, 2020 |

| EVENT | PARTIES' PROPOSAL |
|---|---|
| Last day to join other parties and to amend pleadings | September 21, 2020 |
| Last day to exchange Federal Rule of Civil Procedure 26(a)(2) expert witness disclosures | January 21, 2021 |
| Last day to exchange expert witness rebuttal reports | February 21, 2021 |
| Last day for expert discovery | April 19, 2021 |
| Deadline to conduct private mediation | June 1, 2021 |
| Discovery cut-off | September 1, 2021 |
| Last day to file motions for summary judgment | September 15, 2021 |
| Last day to file motion for class certification | April 20, 2021 |

**18.   Trial**

The parties anticipate that trial will last 5 days.

**19.   Disclosure of Non-party Interested Entities or Persons**

Defendants have filed their Certification of Interested Entities or Persons.

**20.   Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.   Other Matters**

The Parties do not believe that there are other matters to discuss at this time.

**CLASS ACTION INFORMATION REQUIRED BY CIVIL LOCAL RULE 16-9(b)**

**1.   Specific Paragraphs of Federal Rule of Civil Procedure 23**

Plaintiffs' Statement

This action meets the prerequisites of Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3).

Defendants' Statement

Defendants deny Plaintiffs can meet their burden to satisfy any of the prerequisites for class certification under Federal Rule of Civil Procedure 23.

## 2. Description of Class

The proposed class is defined as follows: All persons in the United States to whom: (a) one or more calls (including text messages) were made; (b) to a cellular telephone number (c) that could have promoted First Data's or Sam's Club Merchant Services' products or services (d) using a dialing system the same as or similar to that used to call any of Plaintiffs and/or an artificial or prerecorded voice; and (e) between the date four years before the filing of the original complaint in this case and the first day of trial.

Excluded from the class are Defendants, any entity in which Defendants (or any of them) have a controlling interest or that has a controlling interest in Defendants (or any of them), Defendants' legal representatives, assignees, and successors, the judges to whom this case is assigned and the employees and immediate family members of all of the foregoing.

## 3. Facts Showing Plaintiffs Are Entitled to Maintain the Action under Federal Rule of Civil Procedure 23(a) and (b)

<u>Plaintiffs' Statement</u>

*Fed R. Civ. P. 23(a)(1), Numerosity*

Both First Data Merchant Services and One Connect, on behalf of First Data, used automated and pre-recorded message telemarketing. Based on information obtained in a prior litigation, Cooley v. First Data Merchant Servs., LLC, Case No. 1:19-cv-01185-TWT (N.D. Ga. Mar. 13, 2019), there are believed to be at least hundreds of thousands of such calls made by One Connect alone.

*Fed R. Civ. P. 23(a)(2), Commonality*

Due in part to the automated, routinized nature of Defendants' telemarketing, outcome-determinative questions of fact and law have the same answers for all members of the class. These questions include but are not limited to the following:

(a) What are the relationships amongst Defendants?

(b) Did Defendants call the class member at a cellular telephone number? (Yes.)

(c) Did Defendants call the class member using an ATDS and/or an artificial or prerecorded voice when calling the class member? (Yes.)

      (d)    Was the purpose of the calls to the class member telemarketing? (Yes.)

      (e)    Were the calls to the class member necessitated by an emergency? (No.)

      (f)    Did Defendants call the class member on a date such that the class member's TCPA claim was not time-barred on the date that the original complaint in this action was filed? (Yes.)

      (g)    Had the class member provided prior express written consent before being called? (No.)

      (h)    What is the minimum statutory damages per violation the class member is entitled to? ($500.)

      (i)    Were Defendants' violations of the class member's rights under the TCPA knowing or willful? (Yes.)

      (j)    How much statutory damages per violation should the Court award the class member? ($1,500.)

      (k)    Should Defendants be enjoined? (Yes.)

*Fed R. Civ. P. 23(a)(3), Typicality*

Also due in part to the automated, routinized nature of Defendants' telemarketing, Plaintiffs' claims are typical of those of the class. They arise from the same course of conduct as fellow class members' and seek redress based on the same legal and equitable remedies as fellow class members.'

*Fed R. Civ. P. 23(a)(4), Adequacy*

The Plaintiffs are adequate class representatives, have no conflict with either class, and are committed to seeing this matter through to a remedy for all class members.

Plaintiffs' counsel have litigated TCPA class actions in the Northern District and across the country, reaching classwide settlements in dozens of cases—generally for millions or tens of millions of dollars—and litigating one to a jury verdict. In that case, the defendant was found liable and damages were trebled by the court to $61 million, or $3,000 per class member. *Krakauer v.*

*Dish Network, L.L.C.*, No. 1:14-CV-333, 2018 U.S. Dist. LEXIS 203725, at *9-10 (M.D.N.C. Dec. 3, 2018). That case was unanimously affirmed on appeal and certiorari was denied.

*Fed. R. Civ. P. 23(b)(2), Applicability*

For several of the same reasons that commonality is satisfied, Defendants have acted on grounds generally applicable to the entire class, so that a permanent injunction for the benefit of the entire class is appropriate. That injunction—or lack thereof—will, as a practical matter, apply classwide.

*Fed. R. Civ. P. 23(b)(3), Predominance*

For several of the same reasons that commonality is satisfied, predominance is satisfied.

*Fed. R. Civ. P. 23(b)(3), Superiority*

For every 18 million robocalls, there's only one TCPA lawsuit in federal court. *Compare* Mike Snider, *Robocalls Rang up a New High in 2019. Two or More Daily Is Average in Some States*, USA Today (Jan. 15, 2020), https://www.usatoday.com/story/tech/2020/01/15/robocalls-americans-got-58-5-billion-2019/4476018002/ (58.5 billion robocalls); *with* WebRecon, *WebRecon Stats for Dec 2019 and Year in Review: How Did Your Favorite Statutes Fare?*, https://webrecon.com/webrecon-stats-for-dec-2019-and-year-in-review-how-did-your-favorite-statutes-fare/ (last visited Mar. 25, 2020) (3,267 TCPA complaints).

That is so in part because "the statutory damages provided by the TCPA are not sufficient to compensate the average consumer for the time and effort that would be involved in bringing a small claims action against a national corporation." *Meyer v. Bebe Stores, Inc.*, No. 14-CV-00267-YGR, 2016 U.S. Dist. LEXIS 188999, at *29 (N.D. Cal. Aug. 22, 2016) (quotation marks omitted) (collecting cases).

Defendants' Statement

Defendants deny Plaintiffs can meet their burden to satisfy any of the prerequisites for class certification under Federal Rule of Civil Procedure 23.

- 11 -
JOINT CASE MGMT. STATEMENT AND [PROPOSED] ORDER
*Floyd v. First Data Merchant Servs., LLC*, Case No. 5:20-cv-02162-EJD

POLSINELLI LLC
LOS ANGELES

73885177.3

**4.      Proposed Date**

The parties propose that the motion for class certification be filed by the date in the table above.

## SIGNATURE ATTESTATION

The CM/ECF user filing this paper attests that concurrence in its filing has been obtained from the other signatories.

RESPECTFULLY SUBMITTED AND DATED on June 27, 2020

By: *Anthony I. Paronich*

Edward A. Broderick, *Pro Hac Vice*
ted@broderick-law.com
BRODERICK LAW, P.C.
99 High Street, Suite 304
Boston, Massachusetts 02110
Telephone: (617) 738-7080
Facsimile: (617) 830-0327

Andrew W. Heidarpour, *Pro Hac Vice Forthcoming*
aheidarpour@hlfirm.com
HEIDARPOUR LAW FIRM, PPC
1300 Pennsylvania Avenue NW, 190-318
Washington, District of Columbia 20004
Telephone: (202) 234-2727

Matthew P. McCue, *Pro Hac Vice*
mmccue@massattorneys.net
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, Massachusetts 01760
Telephone: (508) 655-1415
Facsimile: (508) 319-3077

*Attorneys for Plaintiffs Louis Floyd and Terry Fabricant and the Proposed Class*

JOHN W. PETERSON (SBN 179343)
john.peterson@polsinelli.com
POLSINELLI LLP
401 Commerce Street, Suite 900
Nashville, TN  37219
Telephone: (615) 259-1510
Facsimile: (615) 259-1573

*Attorney for Defendant First Data Merchant Services LLC*

PETER N. KESSLER
peter.kessler@kutakrock.com
KUTAK ROCK LLP
1760 Market Street, Suite 1100
Philadelphia, PA 19103-4104

*Attorneys for Defendants National Payment Systems, LLC and National Payment Systems OR, LLC*