UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LOUIS FLOYD, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FIRST DATA MERCHANT SERVICES LLC, et al.,<br><br>    Defendants. | Case No.  5:20-cv-02162-EJD<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS; JUDGMENT**<br><br>Re: Dkt. Nos. 73, 77 |

The Court previously granted a motion for preliminary approval of the Class Action Settlement between Plaintiffs Louis Floyd and Terry Fabricant and Defendants First Data Merchant Services LLC, Sam's Club Merchant Services, National Payment Systems, LLC and National Payment Systems OR, LLC (d/b/a One Connect Processing) (collectively "Defendants") on March 17, 2022. (Dkt. No. 72.) As directed by the Court's preliminary approval order, on June 1, 2022, Plaintiffs filed their unopposed motion for attorneys' fees, costs, and service awards. (Dkt. No. 73.) Thereafter, Plaintiffs Floyd and Fabricant filed their unopposed motion for final settlement approval on August 11, 2022. (Dkt. No. 77.) The Court heard oral arguments from the parties on October 6, 2022. (Dkt. No. 79.)

Having considered the motion briefing, the terms of the Settlement Agreement, the objections and response thereto, the arguments of counsel, and the other matters on file in this action, the Court **GRANTS** the motions for final approval. The Court finds the settlement fair,

adequate, and reasonable. The provisional appointments of the class representatives and class counsel are confirmed.

The Motion for Attorneys' Fees, Costs, and Incentive Awards is **GRANTED**. The Court **ORDERS** that class counsel shall be paid $533,280.00 in attorneys' fees and $43,671.02 in litigation costs and class representative and named Plaintiffs Floyd and Fabricant shall each be paid a $5,000.00 incentive award.

**I.   BACKGROUND**

   **A.   Procedural History**

Plaintiff(s) filed the putative class action complaint on March 30, 2020 against Defendants alleging unsolicited telemarketing to Plaintiffs using an automated telephone dialing system ("ATDS") and prerecorded messages. Plaintiff's complaint alleges claims for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive calling practices. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 371 (2012).

The parties reached a settlement prior to class certification after arm's-length negotiation with the assistance of an experienced mediator the Honorable Louis Meisinger (Ret.). The Settlement Agreement defines the class as:

> All persons in the United States to whom a) one or more calls (including text messages) were made; b) to a cellular telephone number; c) that could have promoted First Data or Sam's Club Merchant Services' goods or services; d) using a dialing system the same as or similar to that used to call any of Plaintiffs and/or an artificial or prerecorded voice; e) from March 30, 2016 to the date of preliminary approval,. The following are excluded from the Settlement Class: (1) any trial judge and other judicial officers that may preside over this case; (2) the Mediator; (3) Defendants, as well as any parent, subsidiary, affiliate or control person of Defendants, and the officers, directors, agents, servants or employees of Defendants; (4) any of the Released Parties; (5) any Settlement Class Member who has timely submitted a Request for Exclusion by the Opt-Out Deadline; (6) any person who has previously given a valid release of the claims asserted in the Action; (7) Plaintiffs' Counsel; and (8) persons for whom Defendants have a record demonstrating "prior express written consent" as defined by the TCPA.

Case No.: 5:20-cv-02162-EJD
ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS; JUDGMENT

2

("the Settlement Class"). In its preliminary approval order, the Court conditionally certified the Settlement Class and provisionally appointed Edward A. Broderick, Esq., Matthew P. McCue, Esq., Anthony I. Paronich, Esq., and Andrew Heidarpour, Esq. as Class Counsel, Plaintiffs Floyd and Fabricant class representatives, and AB Data, Ltd. as the class administrator. (Dkt. No. 72).

### B.      Terms of the Settlement Agreement

Under the terms of the Settlement Agreement, defendant will pay $1,600,000.00 into a common settlement fund, without admitting liability. This amount includes attorneys' fees and costs, the cost of class notice and settlement administration, the class representative's service award, and taxes due on any payments made to them pursuant to the Settlement Agreement.

#### 1.      *Attorneys' Fees and Costs*

Under the Settlement Agreement, Plaintiff's counsel agreed to seek up to $533,280.00 in attorneys' fees and no more than $43,671.02 in litigation costs. The common settlement fund also includes a provision for $269,000.00 in settlement administration costs; and $10,000.00 in total to be paid to Plaintiffs Floyd and Fabricant as an incentive award in exchange for a general release of all claims against defendant.

#### 2.      *Class Relief*

After deductions from the common fund for fees, costs, and service incentive awards, approximately $744,048.98 will remain to be distributed among the participating class members. Class members will receive a *pro rata* share of the Settlement. Dividing this amount across the 3,673 participating class members who filed timely and valid claims yields an average recovery of approximately $202.57 per class member. The Agreement provides that no amount will revert to Defendants except as provided in Section 11 of the Agreement ("Termination of the Agreement").

#### 3.      *Cy Pres/Remainder*

The Settlement Agreement provides that when checks mailed to participating class members are not redeemed or deposited, such unclaimed monies shall be distributed as follows: (a) to the Settlement Class Members who cashed their initial Benefits Checks, to the extent such a distribution

Case No.: 5:20-cv-02162-EJD
ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS; JUDGMENT

3

1  is administratively and economically feasible; and if not so feasible, (b) any funds from any
2  unredeemed checks will be paid to the *cy pres* recipient, the National Consumer Law Center.  In
3  exchange for the settlement awards, class members will release any claims against defendants that
4  arise from the telemarketing calls made by or on behalf of First Data through the date of the
5  Preliminary Approval Order as set forth in Section 8 of the Settlement Agreement.

### C. Class Notice and Claims Administration

The Settlement Agreement is being administered by AB Data, Ltd ("AB Data"), which has extensive experience administering class action settlements.  Following the Court's preliminary approval and conditional certification of the settlement, the Court directed the Settlement Administrator to provide Class Notice of the proposed Settlement by Direct Mail Notice, Long Form Notice on the Settlement Website, and Publication Notice by April 16, 2022.

The Class Administrator also established a settlement website (the "Settlement Website") at www.FirstDataMerchantTCPASettlement.com, containing information about the Settlement and case-related documents such as the Settlement Agreement, Long-Form Notice, Claim Form, Direct Mail Notice and the Preliminary Approval Order.  In addition, the motion for final approval and the application for attorneys' fees, costs, and incentive awards were uploaded to the website after they were filed.  The Class Administrator also operated a toll-free number for class member inquiries.

Class members were given until July 15, 2022, to object to or exclude themselves from the Settlement Agreement.  Out of Out of 3,673 total class members, no requests to opt out of the Settlement Class were received.

A total of 8,533 claims were received by the administrator, of which 3,673 were eligible for payment.

## II. FINAL APPROVAL OF SETTLEMENT

### A. Legal Standard

A court may approve a proposed class action settlement of a class only "after a hearing and on finding that it is fair, reasonable, and adequate," and that it meets the requirements for class

certification. Fed. R. Civ. P. 23(e)(2). In reviewing the proposed settlement, a court need not address whether the settlement is ideal or the best outcome, but only whether the settlement is fair, free of collusion, and consistent with plaintiff's fiduciary obligations to the class. *See Hanlon v. Chrysler Corp.*, 150 F.3d at 1027. The *Hanlon* court identified the following factors relevant to assessing a settlement proposal: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of class members to the proposed settlement. *Id.* at 1026 (citation omitted); *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

Settlements that occur before formal class certification also "require a higher standard of fairness." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). In reviewing such settlements, in addition to considering the above factors, a court also must ensure that "the settlement is not the product of collusion among the negotiating parties." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946–47 (9th Cir. 2011).]

**B.     Analysis**

   ***1.     The Settlement Class Meets the Prerequisites for Certification***

As the Court found in its order granting preliminary approval and conditional certification of the settlement class herein, the prerequisites of Rule 23 have been satisfied purposes of certification of the Settlement Class. (*See* Dkt. No. 72.)

   ***2.     Adequacy of Notice***

A court must "direct notice [of a proposed class settlement] in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). "The class must be notified of a proposed settlement in a manner that does not systematically leave any group without notice." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982). Adequate

Case No.: 5:20-cv-02162-EJD
ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS; JUDGMENT

5

notice requires: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

The Court found the parties' proposed notice procedures provided the best notice practicable and reasonably calculated to apprise Class members of the settlement and their rights to object or exclude themselves. (Dkt. No. 72.) The Class Administrator carried out that program using the procedure for notice outlined in the Settlement Agreement. (Dkt. No. 77-1.) The Class Administrator received 142,243 unique phone numbers of potential Settlement Class Members. Of these numbers, 138,725 had an associated mailing address. The Class Administrator reported that 137,766 identified Settlement Class Members received notice by direct mail, successfully reaching approximately 99% of the Settlement Class. It indicated that there were 959 Settlement Class Members for whom a good mail address had not been found. Digital publication was also provided on both desktop and mobile formats to supplement notice efforts; the AB Data used digital banners and newsfeed ads to appear on various websites and social media platforms which were viewed by 95,981,361 users and accumulated 54,668 ad clicks.

Based upon the foregoing, the Court finds that the Settlement Class has been provided adequate notice.

### 3. *The Settlement Is Fair And Reasonable*

As the Court previously found in its order granting preliminary approval, the *Hanlon* indicate the settlement here is fair and reasonable and treats class members equitably relative to

Case No.: 5:20-cv-02162-EJD
ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS; JUDGMENT

6

one another. (Dkt. No. 72.)

The reaction of the class was overwhelmingly positive. The Court received no objections and no opt-outs as of the July 15, 2022 deadline. "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *In re Omnivision Techs.*, *Inc.*, 559 F.Supp.2d 1036, 1043 (N.D. Cal. 2008) (citation omitted); *see also Churchill Vill.*, 361 F.3d at 577 (holding that approval of a settlement that received 45 objections (0.05%) and 500 opt-outs (0.56%) out of 90,000 class members was proper).

In its preliminary approval order, the Court approved the proposed plan of allocation. (Dkt. No. 72.) That plan is:

> The Total Class Member Benefits Payout shall be distributed to Settlement Class Members who file an Approved Claim on a pro rata and equal basis. Each Settlement Class Member shall be entitled to submit only one claim, and only one claim can be made per telephone number, regardless of the number of calls to that phone number. Each Settlement Class Member who files an Approved Claim shall be paid, by a Benefit Check, a cash benefit (the "Cash Benefit") that shall be equal to the Total Class Member Benefits Payout divided by the total number of Approved Claims.

("Settlement Agreement," Dkt. No. 73-1.)  The Court finds the plan of allocation to be fair and reasonable and to treat class members equitably and therefore approves that plan of allocation.

### *4.  Objections*

There are no objections.  (Dkt. No. 77 at 1.)

### *5.  Other Findings*

The parties provided the required notice to federal and state attorneys general under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b). (Dkt. No. 77-1.)  Notice occurred more than 90 days before the date of this order, as required by 28 U.S.C. § 1715(d).]

### *6.  Certification Is Granted and the Settlement Is Approved*

After reviewing all of the required factors, the Court finds the Settlement Agreement to be fair, reasonable, and adequate, and certification of the Settlement Class as defined therein to be

Case No.: 5:20-cv-02162-EJD
ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS; JUDGMENT

7

1  proper.  The following persons are excluded from the Settlement Class: "(1) any trial judge and
2  other judicial officers that may preside over this case; (2) the Mediator; (3) Defendants, as well as
3  any parent, subsidiary, affiliate or control person of Defendants, and the officers, directors, agents,
4  servants or employees of Defendants; (4) any of the Released Parties; (5) any Settlement Class
5  Member who has timely submitted a Request for Exclusion by the Opt-Out Deadline; (6) any
6  person who has previously given a valid release of the claims asserted in the Action; (7) Plaintiffs'
7  Counsel; and (8) persons for whom Defendants have a record demonstrating 'prior express written
8  consent' as defined by the TCPA."  (Dkt. No. 77-2.)

The *cy pres* recipient, National Consumer Law Center, is **APPROVED**.

### III.  MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE AWARDS

Attorneys' fees and costs may be awarded in a certified class action under Federal Rule of Civil Procedure 23(h).  Such fees must be found "fair, reasonable, and adequate" in order to be approved.  Fed. R. Civ. P. 23(e); *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003).  To "avoid abdicating its responsibility to review the agreement for the protection of the class, a district court must carefully assess the reasonableness of a fee amount spelled out in a class action settlement agreement."  *Id.* at 963.  "[T]he members of the class retain an interest in assuring that the fees to be paid class counsel are not unreasonably high," since unreasonably high fees are a likely indicator that the class has obtained less monetary or injunctive relief than they might otherwise.  *Id.* at 964.

Class counsel requests an attorneys' fee award of $533,280.00.  Based on the detailed time records submitted by counsel, the attorneys' fees sought amount to approximately one third of its lodestar.  Defendants do not oppose the fee request.

The Court analyzes an attorneys' fee request based on either the "lodestar" method or a percentage of the total settlement fund made available to the class, including costs, fees, and injunctive relief.  *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).  The Ninth Circuit encourages courts to use another method as a cross-check in order to avoid a "mechanical or formulaic approach that results in an unreasonable reward."  *In re Bluetooth*, 654 F.3d at 944–

Case No.: 5:20-cv-02162-EJD
ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS; JUDGMENT

8

1   45 (citing *Vizcaino,* 290 F.3d at 1050–51.)

2   Under the lodestar approach, a court multiplies the number of hours reasonably expended by the reasonable hourly rate. *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) ("[A] court calculates the lodestar figure by multiplying the number of hours reasonably expended on a case by a reasonable hourly rate. A reasonable hourly rate is ordinarily the 'prevailing market rate [] in the relevant community.'"). Under the percentage-of-the-fund method, courts in the Ninth Circuit "typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure." *In re Bluetooth*, 654 F.3d at 942 (citing *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)). The benchmark should be adjusted when the percentage recovery would be "either too small or too large in light of the hours devoted to the case or other relevant factors." *Six (6) Mexican Workers*, 904 F.2d at 1311. When using the percentage-of-recovery method, courts consider a number of factors, including whether class counsel " 'achieved exceptional results for the class,' whether the case was risky for class counsel, whether counsel's performance 'generated benefits beyond the cash settlement fund,' the market rate for the particular field of law (in some circumstances), the burdens class counsel experienced while litigating the case (e.g., cost, duration, foregoing other work), and whether the case was handled on a contingency basis." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954-55 (9th Cir. 2015) (quoting *Vizcaino*, 290 F.3d at 1047-50. "[T]he most critical factor [in determining appropriate attorney's fee awards] is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

Using the Lodestar method, the Court finds the attorneys' fees sought to be reasonable. The lodestar figure is: $122,400 for Mr. Broderick; $212,320 for Mr. McCue; $179,685 for Mr. Paronich; and $33,468 for Mr. Heidarpour. Plaintiffs claim hourly rates that are commensurate with their experience and with the legal market in this district. On the basis of these reasonable hourly rates and amounts, class counsel calculates the lodestar to be $547,873.00. Class counsels'

Case No.:   5:20-cv-02162-EJD
ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS; JUDGMENT

9

1   requested attorneys' fee award of $533,280.00 falls below the lodestar.  No objector has
2   challenged any of counsel's hour or rates.
3       The Court finds that the hours claimed were reasonably incurred and that the rates charged
4   are reasonable and commensurate with those charged by attorneys with similar experience in the
5   market.  The Court also finds that Class Counsel represented their clients with skill and diligence
6   and obtained an excellent result for the class, taking into account the possible outcomes and risks
7   of proceeding trial.

### B.     Costs Award

Class counsel is entitled to reimbursement of reasonable out-of-pocket expenses.  Fed. R. Civ. P. 23(h); *see Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (holding that attorneys may recover reasonable expenses that would typically be billed to paying clients in non-contingency matters).  Costs compensable under Rule 23(h) include "nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h).  Here, class counsel seeks reimbursement for litigation expenses, and provides records documenting those expenses, in the amount of $43,671.02.  The Court finds this amount reasonable, fair, and adequate.

### C.     Incentive Award

The district court must evaluate named plaintiff's requested award using relevant factors including "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions . . . [and] the amount of time and effort the plaintiff expended in pursuing the litigation." *Staton*, 327 F.3d at 977.  "Such awards are discretionary . . . and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958-959 (9th Cir. 2009).  The Ninth Circuit has emphasized that district courts must "scrutiniz[e] all incentive awards to determine whether they destroy the adequacy of the class representatives." *Radcliffe v. Experian Info. Solutions*, 715 F.3d 1157, 1163

(9th Cir. 2013).

Here, the plaintiff came forward to represent the interests of 3,673 participating class members, with very little personally to gain. Plaintiff responded to discovery, searched for relevant evidence, reviewed and approved the complaint for filing, prepared for mediation, evaluated the settlement proposals during and following the mediation, read through and discussed drafts of the Settlement Agreement, regularly corresponded with counsel telephonically and by email, and took the substantial risk of litigation which, at a minimum, involves a risk of losing and paying the other side's costs. Because the laws are not self-enforcing, it is appropriate to give incentives to those who come forward with little to gain and at personal risk and who work to achieve a settlement that confers substantial benefits on others. Thus, the Court approves the requested incentive award payment for Plaintiffs Floyd and Fabricant.

## IV. CONCLUSION

Based upon the foregoing, the motion for final approval of class settlement is **GRANTED**. The motion for attorneys' fees, costs, and service awards is **GRANTED** as follows: Class Counsel is awarded $533,280.00 in attorneys' fees and $43,671.02 in litigation costs. Plaintiffs Floyd and Fabricant are granted an incentive award of $5,000 each.

Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that final judgment is **ENTERED** in accordance with the terms of the Settlement, the Order Granting Preliminary Approval of Class Action Settlement filed on March 17, 2022, and this order. This document will constitute a final judgment (and a separate document constituting the judgment) for purposes of Rule 58, Federal Rules of Civil Procedure.

As provided in the Settlement Agreement, the parties shall file a post-distribution accounting in accordance with this District's Procedural Guidance for Class Action Settlements

Case No.: 5:20-cv-02162-EJD
ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS; JUDGMENT

11

within 21 days after the distribution of the settlement funds and payment of attorneys' fees. The Court **SETS** a compliance deadline on **January 4, 2023** to verify timely filing of the post-distribution accounting.

**IT IS SO ORDERED.**

Dated: October 6, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-02162-EJD
ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS; JUDGMENT

12